UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLENN H. STEPHENS, III,          :

          Petitioner          :          CIVIL ACTION NO. 3:25-337

v.          :          (JUDGE MANNION)

DENISE DIETER, Magisterial          :
District Judge, *et al.*,

                   :

          Respondents

## MEMORANDUM

Currently before the Court are the following applications, petitions, and motions filed by *pro se* Petitioner Glenn H. Stephens, III ("Stephens"): (1) an application for leave to proceed *in forma pauperis* ("IFP Application"); (2) a "Motion for Preliminary Injunction and Petition of [sic] Emergency Writ of Habeas Corpus" under 28 U.S.C. §2241; (3) a notice of removal of a pending state criminal case; (4) an amended Section 2241 habeas petition; (5) a hybrid motion seeking habeas and mandamus relief; (6) a motion for summary judgment; (7) a "Motion for Expedited Mediation of Combined (Joined) Cases"; and (8) a motion to stay. For the reasons set forth below, the Court will: (1) grant the IFP Application; (2) deem withdrawn Stephens's motions for a preliminary injunction and mandamus relief; (3) deny his motions to stay, "Motion for Expedited Mediation of Combined (Joined)

Cases," and motion for summary judgment; (4) strike his purported notice of removal; (5) dismiss without prejudice his amended Section 2241 petition; (6) decline to issue a certificate of appealability; and (7) direct the Clerk of Court to close this case.

## I.  BACKGROUND

### A.  Underlying State Court Proceedings

According to the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch), Stephens is facing criminal charges in the Court of Common Pleas of Lycoming County ("CCP") for: (1) one count of criminal attempt to commit theft by extortion (18 Pa. C.S. §§901(a), 3923(a)(2)); two counts of stalking (18 Pa. C.S. §2709.1(a)(2)); and (3) two counts of harassment (18 Pa. C.S. §2709(a)(7)). *See Commonwealth v. Stephens*, No. CP-41-CR-1498-2024 (Lycoming Cnty. Ct. Com. Pl.).[1] It does not appear that a trial date has been set in the case. *See id.* However, the docket reflects that Stephens is currently incarcerated in the Lycoming County Prison ("LCP") after the CCP revoked his bail on June 16,

---

[1] The Court takes judicial notice of the docket for Stephens's underlying criminal case. *See, e.g., Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (unpublished) ("We may take judicial notice of the contents of another Court's docket."); *Mickell v. Lycoming Cnty. Cent. Collections Off. & Admin.*, 821 F. App'x 74, 75 (3d Cir. 2020) (unpublished) (taking "judicial notice of the Court of Common Pleas of Lycoming County criminal docket" for plaintiff's underlying criminal case).

2025. *See id.* It also appears that he is proceeding *pro se* in his criminal case. *See id.*

### B.    Stephens's Submissions in This Case

Stephens commenced the instant action by filing a document titled, "Motion for Preliminary Injunction and Petition of [sic] Emergency Writ of Habeas Corpus," which the Clerk of Court docketed on February 25, 2025. (Doc. 1.) In this submission, Stephens, who identifies himself as "a Berkeley Law School graduate and member-in-good-standing in E.D. FDC Michigan," generally asserts that he has been wrongfully imprisoned in Lycoming County. (*Id.* at 1.) In particular, he describes the criminal proceedings against him as follows:

> Like his candidacy for Magisterial District Judge and his earlier whistleblower campaign against a landlord ignoring city and PA code – CO [sic] alarms – and the attempted criminal activity of that landlord and his property manager, this motion/petition arises from interrelated campaigns-free speech (in emails) against a landlord ignoring renter safety (black mold) and this criminal activity of that landlord (a bounced check of $500 as part of a breach of an exit agreement from the black mold infested rental) which generated Stephens [sic] lawful repeated request [sic] for restitution. The unlawful retaliatory criminalization of Stephens [sic] restitution efforts, intalaced [sic] with his ADA/Fair Housing Act complaint and opposition[] by Lycoming County Law Enforcement + [sic] Judge is the real reason he is in prison.

(*Id.* at 2.)

Stephens argues that a Lycoming County Judge held "an unconstitutional ultra vires bail hearing" in which the Judge raised Stephens's bail from $15,000 to $25,000. (*Id.* at 3.) Stephens believes that this $25,000 bail is excessive and retaliatory, causing him to "remain[] wrongfully incarcerated." (*Id.*) He identifies other cases where similar bail amounts were ordered and appears to argue that the charges in those cases were more serious than his charges, and he even provides his own "expert statistical analysis" of his allegedly excessive bail. (*Id.* at 3, 5–8, 10–13.)

For relief, Stephens seeks a stay or injunction of his Lycoming County criminal proceedings, an order requiring "all Lycoming County law enforcement and judges to cease and desist" until this Court resolves his habeas petition, and his immediate release from incarceration. (*Id.* at 14.) Regarding his request for a stay or an injunction, Stephens argues that abstention under *Younger v. Harris*, 401 U.S. 37 (1971) does not apply in his case because "the balancing of equities and irreparable harm favor[s] federal court action" and *Younger* "is inappropriate where state proceedings advance to harass or [are conducted] in bad faith." (*Id.* at 1–2.)

In addition to his emergency motion/habeas petition, Stephens filed his IFP Application. (Doc. 4.) Unfortunately, he did not submit a certified prisoner trust fund account statement with his IFP Application as required by the *in*

- 4 -

*forma pauperis* statute, *see* 28 U.S.C. §1915(a)(2) (requiring that when applying for leave to proceed *in forma pauperis*, an incarcerated litigant must submit "a certified copy of the trust fund account statement (or institutional equivalent) for the [litigant] for the 6-month period immediately preceding the filing of the [petition], obtained from the appropriate official of each prison at which the [litigant] is or was confined"); as such, an Administrative Order issued requiring the Warden of LCP to submit Stephens's certified account statement to the Clerk of Court. (Doc. 5.) Stephens's certified account statement was docketed on March 14, 2025. (Doc. 6.)

In early to mid-June 2025, Stephens filed three (3) submissions with the Clerk of Court. The first of those submissions is a purported notice of removal in which Stephens claims to have removed his Lycoming County criminal case to this civil habeas docket. (Doc. 7.) The second submission is a completed form petition for a writ of habeas corpus under Section 2241, which the Court construes as an amended Section 2241 habeas petition. (Doc. 8.) In his amended petition, Stephens appears to assert that he, *inter alia*, properly removed his criminal case to this Court, has been the victim of abuses of process, has been unlawfully imprisoned since August 2025 despite a lack of probable cause to arrest and imprison him, and is being unlawfully retaliated against for running for a magisterial district judge seat

- 5 -

in Lycoming County and advocating on behalf of "poor renters." (*Id.* at 1–7.) For relief, Stephens seeks to have the Court: (1) issue a temporary restraining order "staying all state court actions, warrants, bench warrants, etc. until after" the November 2025 magisterial district judge election; (2) release him into the custody of federal Marshals "if [he is] seized"; (3) deny any "remand motion" because he cannot "get a fair trial in Lycoming County"; and (4) join this federal case with his state criminal case "if [he is] tried for crimes [he] did not commit." (*Id.* at 7.) As for the third of Stephens's submissions, it consists of forms from the Lycoming County Board of Elections seemingly related to his nomination petition for a magisterial district judge election. (Doc. 9.) The Court presumes that Stephens intended that these documents serve as supporting exhibits to his amended Section 2241 petition and will consider them as such.

On August 8, 2025, Stephens filed a "Memorandum on Black Mold" (Doc. 10), and a "Motion" in which he both sought habeas relief and a writ of mandamus ordering "defendants to cease and desist all constitutional retaliation againts [sic] him until after November 5, 2025" (Doc. 12). Less than a week later, on August 14, 2025, Stephens filed a motion for summary judgment (Doc. 13) and a document titled, "Attachment Iqbal [sic] Twombley [sic] Addendum to Privileges and Immunities Clause Complaint" (Doc. 14).

- 6 -

Stephens then filed a brief in support of his motion for summary judgment on August 20, 2025. (Doc. 15).

Stephens continued submitting documents in this case in September 2025, when he first filed a document titled, "Evidentiary Supplement," on September 3, 2025. (Doc. 16.) He then filed a document titled, "Additional Vicarious Admission – Memorialization for Purposes of Summary Judgement [sic]," on September 26, 2025. (Doc. 17.) On November 4, 2025, Stephens filed a document titled, "Motion for Expedited Mediation of Combined (Joined) Cases," along with a supporting brief. (Docs. 18, 19.) On February 18, 2026, Stephens filed a motion to stay and a brief in support of his motion. (Docs. 20, 21.) Stephens's applications, motions, and petitions are ripe for review.

## II.    LEGAL STANDARDS

### A.    Applications for Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. §1915(a)(1), a district court "may authorize the commencement . . . of any [civil] suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a

statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[2] *Id.* This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [*Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, §1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. *Neitzke*, 490 U.S. at 324, 109 S.Ct. 1827.

*Douris*, 293 F. App'x at 131–32 (unpublished).

## B.    Preliminary Review of Section 2241 Habeas Petitions

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Rule 1(b), *see* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. §2254].");  *see also In re Gorbey*, 833 F. App'x 371, 372 (3d Cir. 2021) (unpublished) ("As the District Court noted in its October 13, 2020 order, the Rules Governing Section 2254 Cases are applicable to §2241

---

[2] "The reference to prisoners in §1915(a)(1) appears to be a mistake. *In forma pauperis status* is afforded to all indigent persons, not just prisoners." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 n.1 (3d Cir. 2008) (unpublished).

petitions by Rule 1(b)." (citing *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014))), this Court must examine a Section 2241 habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, 28 U.S.C. foll. §2254. If it appears that the petitioner is not entitled to relief, "the judge must dismiss and petition and direct the clerk to notify the petitioner." *Id.*; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (explaining that district courts are "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing R. 4, 28 U.S.C. foll. §2254)).

## C. Habeas Petitions Filed by State Pretrial Detainees

When a judgment against a habeas petitioner in a state criminal proceeding has not yet been entered and the petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under Section 2241, not 28 U.S.C. §2254, because Section 2254 requires that the petitioner be "in custody pursuant to the *judgment* of a State Court." 28 U.S.C. §2254(a) (emphasis added); *see also Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) ("For state prisoners, federal habeas corpus is substantially a post-conviction remedy . . . ." (citations and footnote omitted)). Section 2241 provides that "[w]rits of

habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. §2241(a). In addition, the writ of habeas corpus under Section 2241 may extend to a prisoner in pretrial detention if they are "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* §2241(c)(3); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks and citations omitted).

Although federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding pursuant to Section 2241, *see, e.g., Moore*, 515 F.2d at 443, in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *see also Moore*, 515 F.2d at 443 ("[J]urisdiction without exhaustion should be exercised at the pre-trial state unless extraordinary circumstances are present."). Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity,

- 10 -

"a principle of deference and 'proper respect' for state government functions in our federal system." *Evans v. Ct. of Com. Pl. Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)); *see also Duran*, 393 F. App'x at 4 (explaining that Section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" (quoting *Moore*, 515 F.2d at 445–46)).

## III.   DISCUSSION

### A.   The IFP Application (Doc. 4)

After reviewing the IFP Application and Stephens's prisoner trust fund account statement, the Court finds that he cannot prepay the fee for this action. Therefore, the Court will grant the IFP Application and permit Stephens leave to proceed *in forma pauperis* in this habeas case.

### B.   Motion for a Preliminary Injunction (Doc. 1)

Stephens filed a motion for a preliminary injunction along with his petition for an emergency writ of habeas corpus, the latter of which the Court construes as his initial Section 2241 habeas petition. (Doc. 1.) As for his motion for a preliminary injunction, Stephens never filed a brief in support of the motion as required by the Court's Local Rules. *See* M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the

motion shall file a brief in support of the motion. . . . A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel."). Therefore, the Court will deem the motion for a preliminary injunction withdrawn due to Stephens's failure to file a supporting brief. *See id.* ("If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").

## C.    "Motion" Seeking Immediate Release and Mandamus Relief (Doc. 12)

Stephens filed a submission which he titled as a "Motion," in which he sought an Order directing his immediate release from confinement as well as an Order granting his "petition for a writ of mandamus" to require "defendants" to "cease and desist all constitutional retaliation against [him] until after November 5, 2025." (Doc. 12 at 1.) The Court will deem this "Motion" withdrawn to the extent it seeks any form of relief because Stephens did not file a supporting brief within fourteen days of filing the "Motion," as required by Local Rule 7.5. *See* M.D. Pa. L.R. 7.5. Furthermore, even if the Court would not deem withdrawn Stephens's "Motion" seeking, *inter alia*, mandamus relief, he has not stated any grounds upon which this Court would

- 12 -

grant him mandamus relief. *See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (explaining that for mandamus to issue, "a litigant must satisfy three requirements that courts have characterized as jurisdictional: (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists" (citation omitted)).

### D.    Motion to Stay (Doc. 20)

Stephens filed a motion to stay Local Rule 7.10, which pertains to motions for reconsideration,[3] until the United States Supreme Court reviews his petition for a writ of certiorari that he apparently filed or, alternatively, extend the deadline for filing a motion for reconsideration to thirty days if the movant is a *pro se* prisoner. *See* (Docs. 20 at 1; 21 at 1–8). It is unclear why Stephens filed this motion in this case because he has not filed any motion for reconsideration, and it appears that he primarily focuses his motion on another of his several civil actions he has filed in this district over the past year, *see Stephens v. Trump*, No. 25-cv-2356 (M.D. Pa.), which is assigned to the Honorable Julia K. Munley. *See, e.g.*, (Doc. 21 at 7 ("[M]ovant seeks

---

[3] Local Rule 7.10 states that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59." M.D. Pa. L.R. 7.10.

the evitable [sic] relief of 30 days (calendar) to move for reconsideration of 4:25-cv-2356 from today.")). Regardless, since there is no pending motion for reconsideration in this case, there is no basis for this Court to apply, much less discuss, Local Rule 7.10. As such, at least as it pertains to this case, Stephens's motion to stay is frivolous. Accordingly, the Court will deny the motion to stay.

### E. "Motion for Expedited Mediation of Combined (Joined) Cases" (Doc. 18)

Stephens moves to have the Court join all pending cases he has filed in this District, except for three of those cases, "into one complaint." (Doc. 19 at 11.) Although Stephens does not identify all his cases in his motion or his supporting brief, the Court notes that he has filed the following actions in this District since July 1, 2025: (1) *Stephens, III v. Dieter, et al.*, No. 25-cv-1261-MEM (M.D. Pa. filed July 11, 2025); (2) *Stephens v. Marino, et al.*, No. 25-cv-1761-KMN (M.D. Pa. filed Sept. 22, 2025); (3) *Stephens v. Ogden Newspapers, Inc., et al.*, No. 25-cv-1824-JFS (M.D. Pa. filed Sept. 30, 2025); (4) *Stephens v. Welickovitch, et al.*, No. 25-cv-1825-JPW (M.D. Pa. filed Sept. 30, 2025); (5) *Stephens, et al. v. Wascher, et al.*, No. 25-cv-1907-PJC (M.D. Pa. filed Oct. 10, 2025); (6) *Stephens v. UPMC-Williamsport*, No. 25-cv-2069-KM (M.D. Pa. filed Nov. 3, 2025); (7) *Stephens v. Epic Games, Inc.*, No. 25-cv-2081-JFS (M.D. Pa. filed Nov. 4, 2025); (8) *Stephens v. Keiler,*

No. 25-cv-2266-KMN (M.D. Pa. filed Nov. 26, 2025); (9) *Stephens v. Trump*, No. 25-cv-2356-JKM (M.D. Pa. filed Dec. 9, 2025); and (10) *Stephens v. Bench, U.S. Dist. Ct., M.D. Pa.*, No. 26-cv-652-JKM (M.D. Pa. filed Mar. 13, 2026). All the above actions are non-habeas civil actions in which Stephens filed a complaint, and several of them are already closed. *See Stephens, III v. Dieter, et al.*, No. 25-cv-1261-MEM (M.D. Pa.), ECF No. 9; *Stephens v. Welickovitch, et al.*, No. 25-cv-1825-JPW (M.D. Pa.), ECF Nos. 23, 24; *Stephens v. Epic Games, Inc.*, No. 25-cv-2081-JFS (M.D. Pa.), ECF No. 6; *Stephens v. UPMC-Williamsport*, No. 25-cv-2069-KM (M.D. Pa.), ECF No. 7; *Stephens v. Trump*, No. 25-cv-2356-JKM (M.D. Pa.), ECF Nos. 7, 8; *Stephens v. Bench, U.S. Dist. Ct., M.D. Pa.*, No. 26-cv-652-JKM (M.D. Pa.), ECF No. 4; *Stephens v. Marino, et al.*, No. 25-cv-1761-KMN (M.D. Pa.), ECF No. 16. Therefore, considering that these other actions are not habeas cases and many of them are already closed, this Court will not consolidate any of them with the instant Section 2241 habeas case. Moreover, Stephens has failed to articulate any plausible reason to submit this case for mediation. Accordingly, the Court will deny Stephens's "Motion for Expedited Mediation of Combined (Joined) Cases."

### F.    Motion for Summary Judgment (Doc. 13)

Stephens moves for summary judgment on the ground that Lycoming County's "[b]ails [sic] violate the Privileges and Immunities Clause and, in turn, . . . the [Eighth] Amendments [sic] [p]rohibition [a]gainst excessive [b]ails [sic]." (Doc. 15 at 1.) Stephens asserts that his bail was set at $25,000 even though he has no criminal record, he has been wrongfully accused of nonviolent crimes, he is not a flight risk, and he is domiciled in Virginia. *See* (*id.*). He claims that he can provide "several dozen examples" of Lycoming County residents who were accused of violent offenses and did not have their bail set as high as Stephens's bail. *See* (*id.* at 1–2). This information is allegedly set forth in the Williamsport Gazette case reports, and Stephens requests that the Court take judicial notice of this information. *See* (*id.* at 2). For the reasons stated below, the Court will deny this motion.

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, and district courts may apply those Rules to Section 2241 habeas petitions "to the extent that they are not inconsistent with any statutory provisions or" the Rules themselves. R. 12, 28 U.S.C. foll. §2254; *see also* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Although it appears that the Third Circuit Court of Appeals has yet to address

- 16 -

this issue, at least three other circuit courts of appeal have concluded that Rule 56 applies to habeas cases. *See Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (quoting *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991))); *Clark v. Johnson*, 202 F.3d 760, 764–65 (5th Cir. 2000) ("As a general principle, Rule 56 . . . applies with equal force in the context of habeas corpus cases." (citations omitted)); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994) ("As a general principle, Rule 56 . . . is applicable in habeas corpus cases." (citations omitted)). On the other hand, one circuit court of appeals has concluded that summary judgment principles do not apply when a federal district court is ruling on the merits of a federal habeas claim. *See Black v. Carpenter*, 866 F.3d 734, 742–43 (6th Cir. 2017) (concluding that "[s]ummary-judgment procedures simply do not apply to a federal habeas court's final adjudication of a [habeas] claim" because [the petitioner has] the burden of proving, by a preponderance of the evidence, that [they are] entitled to relief" (citations omitted)). Judges in this District have reached conflicting decisions on the applicability of Rule 56 to habeas proceedings. *Compare Stinson v. Wakefield*, No. 07-cv-1237, 2010 WL 1462536, at *1 (M.D. Pa. Apr. 9, 2010) ("Summary judgment is appropriate in a habeas proceeding . . . ."), *with Meade v. Spaulding*, No. 16-cv-2212,

2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017) (denying motion for summary judgment as unnecessary in Section 2241 habeas action).

This Court is persuaded by the reasoning of those cases that have determined that summary judgment motions are "superfluous and unnecessary in determining the merits of a habeas corpus petition." *Levack v. Burton*, No. 16-cv-125, 2018 WL 11648114, at *2 (W.D. Mich. Feb. 2, 2018); *see also Scott v. FCI Fairton*, No. 09-cv-929, 2010 WL 2540456 at *3 (D.N.J. June 16, 2010) ("In a habeas proceeding, the petitioner does not proceed to trial. Therefore, Petitioner's motion for summary judgment is improper. For all practical purposes, summary judgment is equivalent to the Court's [sic] making a determination on the merits of a habeas petition. As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose."), *aff'd*, 407 F. App'x 612 (3d Cir. 2011) (unpublished). Moreover, even if the Court would consider a motion for summary judgment in a Section 2241 proceeding, Stephens's motion is premature insofar as the Court has not yet directed Respondents to file a response to his habeas petition. Therefore, the Court will deny Stephens's motion for summary judgment.

### G.   Notice of Removal (Doc. 7)

Stephens filed a "Notice of Removal by Plaintiff," which the Clerk of Court docketed on June 6, 2025. (Doc. 7.) In this single-page (excluding the certificate of service) notice, Stephens seeks to remove his CCP criminal case to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446. *See* (*id.* at 1). He claims that he has satisfied the "procedural requirements for removal" and asserts that this Court "has subject-matter and diversity jurisdiction" over his criminal case. (*Id.*) He also claims that "[s]ervice of this notice of removal immediately divests the State [sic] court of jurisdiction, rendering void any orders or warrants it issues [and t]o regain jurisdiction the [s]tate must successfully move the District Court for a remand." (*Id.*) As explained below, Stephens's notice is improper, ineffective, and inaccurate.

Under 28 U.S.C. §1455, a criminal defendant may remove a criminal prosecution from a state court, *see* 28 U.S.C. §1455(a) (indicating that "defendant or defendants desiring to remove any criminal prosecution from a State court" must file notice of removal with district court "for the district and division within which such prosecution is pending"). A defendant seeking to remove a criminal prosecution in a state court must file the notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown

- 19 -

the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. §1455(b)(1). The criminal defendant desiring to remove a criminal prosecution must also file, along with the notice of removal, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §1455(a).

After receiving a notice of removal, "[t]he . . . district court . . . shall examine the notice promptly[, and i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §1455(b)(5). "The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (internal citations omitted). Nevertheless, because Stephens is a *pro se* litigant, the Court is mindful that his allegations and claims in the notice of removal must be liberally construed. *See, e.g.*, *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (explaining that court must construe pro se filings liberally). Yet, despite the liberal construction afforded to *pro se* filings, pro se litigants such as Stephens "'cannot flout procedural rules––they must abide by the same

- 20 -

rules that apply to all other litigants.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

In this case, the Court has reviewed Stephens's purported notice of removal pursuant to Section 1455(b)(5) and finds that it clearly appears on the face of the notice that removal should not be permitted for several reasons. First, Stephens attempts to remove his criminal case into an ongoing Section 2241 habeas action. Stephens has not identified, and this Court has not located, any statute, rule, or case, which would permit a state criminal defendant to remove their criminal case into an ongoing civil case, even if that case involves a Section 2241 habeas petition challenging the ongoing state criminal case. If Stephens wanted to properly remove his state criminal case, he needed to do so as an entirely new action. Based on this defect alone, the Court would be warranted in striking the notice from the docket as having been improperly filed.

Second, Stephens has not identified a legitimate ground for removal in the notice. He attempts to remove this case pursuant to 28 U.S.C. §§1332, 1441, and 1446 (Doc. 7 at 1), none of which are applicable here. Section 1441 relates to removing *civil* actions generally, Section 1446 sets forth the procedure for removing *civil* actions, and Section 1332 provides for diversity jurisdiction in *civil* actions. *See* 28 U.S.C. §§1332, 1441, 1446; *New York v.*

- 21 -

*Milchamot*, No. 24-cv-9296, 2024 WL 5119327, at *2 (S.D.N.Y. Dec. 16, 2024) (rejecting state criminal defendant's attempt to remove his criminal case to federal court under, *inter alia*, (1) Section 1332 because it "describes federal district courts' jurisdiction in civil actions [and the] case [wa]s a criminal matter" and (2) Section 1446 "because it is about the procedure for removing civil cases to federal district court[s and, a]s already explained, [the] case [wa]s a criminal matter"); *Sabino v. Port Auth. Police Dep't*, No. 21-cv-5731, 2022 WL 2441021, at *1 (S.D.N.Y. July 5, 2022) ("[Section] 1441 is not a basis for removal of the State Criminal Proceeding because [Section] 1441 only provides for the removal of 'civil actions.'" (footnote omitted)). Although the instant Section 2241 habeas case is a civil action, Stephens is attempting to remove a *criminal* case. Therefore, none of these statutes provide grounds or jurisdictional bases for the removal of Stephens's criminal case to this Court.

Third, the notice of removal does not comply with Section 1455(a) insofar as it does not include "a copy of all process, pleadings, and orders served upon" Stephens in his criminal case. *See* 28 U.S.C. §1455(a). Fourth, the notice of removal is untimely as the publicly available docket entries show that Stephens was arraigned in December 2024, and yet he did not attempt to remove the case until more than six (6) months later. *See* 28 U.S.C.

- 22 -

§1455(b)(1) (stating that notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier"). This untimely filing is not excusable because Stephens has not set forth good cause to file the belated notice. *See id.* (providing that "for good cause shown in the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time"). In fact, Stephens does not acknowledge that his notice of removal is untimely.

Fifth, and finally, contrary to Stephens's assertions in his notice of removal and amended Section 2241 petition, the filing of the notice of removal has no impact on his underlying state-court criminal proceedings. In this regard, "[t]he filing of a notice of removal of a criminal prosecution shall *not* prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. §1455(b)(3) (emphasis added). As such, the Court of Common Pleas was not prohibited from continuing with Stephens's criminal proceedings despite his unsuccessful attempt at removal.

Overall, Stephens improperly filed a notice of removal in this habeas case. As such, the Court will direct the Clerk of Court to strike it from the docket in this case.

- 23 -

## H.    Section 2241 Habeas Petitions (Docs. 1, 8)

Preliminarily, the Court notes that it is unclear from Stephens's submission of a completed Section 2241 habeas petition using the Court's standard form, which was docketed on June 13, 2025 (Doc. 8), whether he intended it to be an amended petition or a supplement to his emergency petition (Doc. 1). Nevertheless, as indicated above, the Court will construe the completed form Section 2241 habeas petition as an amended petition because it is a fully completed petition and Stephens did not require leave of Court to file it, which he would have needed to do if he wanted to supplement his original petition. *Compare* Fed. R. Civ. P. 15(a)(1) (providing that "[a] party may amend its pleading once as a matter of course no later than **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"), *with* Fed. R. Civ. P. 15(d) ("On *motion* and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (emphasis added)). So construed, the

Court will dismiss without prejudice the amended Section 2241 petition due to Stephens's failure to exhaust his state-court remedies prior to filing it.[4]

Regarding exhaustion, Section 2241 does not contain a statutory exhaustion requirement like Section 2254, *see* 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[] . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); nevertheless, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore*, 515 F.2d at 442. Moreover, "although there is a distinction in the statutory language of [Sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.* Accordingly, a Section 2241 habeas petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits. *Id.*; *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under §2241.").

---

[4] Even if the Court construed Stephens' form Section 2241 petition as a supplement to the original emergency petition, it would not alter the ultimate result.

To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam).

Here, Stephens has not shown that he exhausted his available state remedies in his amended Section 2241 petition. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)). Instead, he points out that he raised a claim about his allegedly excessive bail and unlawful seizure through various "internal prison requests" on several dates from January through March 2025. (Doc. 8 at 2.) Filing such internal prison requests, or even grievance documents within the prison system, is insufficient to satisfy the exhaustion requirement for habeas claims because those are not state courts. *See O'Sullivan*, 526 U.S. at 845 (explaining that Section 2241 habeas petitioners must invoke "one complete round of the state's established appellate review process" to exhaust their state remedies); *see also Battle v. Eagleton*, No. 07-cv-1841, 2008 WL

- 26 -

2952349, at *5 n.3 (D.S.C. July 28, 2008) ("The distinction between administrative remedies which must be exhausted under the [Prison Litigation Reform Act ("PLRA")] in [42 U.S.C. §1983] cases . . ., and state court remedies which must be exhausted in habeas cases are different. Exhaustion under the PRLA ends at the issuance of the [prison's] final response in non-habeas prison condition cases. However, judicial review remains a necessary step in the exhaustion of state court remedies required in habeas matters."), *aff'd*, 308 F. App'x 692 (4th Cir. 2009).

Stephens does not aver that he first raised any of his claims for habeas relief in his underlying criminal proceedings and identify how the Court of Common Pleas addressed those claims. In addition, although the publicly available docket entries for Stephens's criminal case show that he has filed numerous *pro se* pretrial motions in his criminal case, the CCP has addressed only a motion for recusal and a motion to modify bail (both of which it granted). *See* CCP Dkt. Thus, it appears that Stephens may still raise his constitutional claims pertaining to, *inter alia*, his arrest and any seizures in the Court of Common Pleas and then challenge any adverse rulings therein in the Pennsylvania state appellate courts.

- 27 -

Stephens attempts to avoid the exhaustion requirement by arguing that exhaustion would be futile. (Doc. 8 at 2.) Even if the Court presumes that futility serves as an exception to the exhaustion requirement as it does in Section 2254 cases, *see Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (discussing futility exception to exhaustion of state remedies in Section 2254 habeas cases), Stephens has not provided the Court with any evidence showing that exhaustion would be futile. Instead, he merely speculates that exhaustion is futile. Furthermore, he has yet to receive a ruling on any of his habeas claims in the CCP in the first instance, much less appealed from any adverse decisions to the Pennsylvania appellate courts. Merely filing documents within the prison and not receiving responses, as well as filing motions which are still pending before the CCP, does not equate to his state-court remedies being unavailable or ineffective. *See Moore*, 515 F.2d at 444–45 (finding petitioner failed to exhaust because his motions for interlocutory review constituted neither a ruling on the merits of his constitutional claim nor an opportunity to consider the merits); *see also Cuevas v. Pennsylvania*, No. 19-cv-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020) (concluding that Section 2241 habeas petitioner was not entitled to relief on his claims for excessive bail, speedy-trial violations, and challenges to his arrest, due his failure to exhaust state-court remedies, because, *inter alia*,

- 28 -

the petitioner's charges were still pending and "[h]is various *pro se* appeals of the trial court's interlocutory orders denying his *pro se* motions," which were all quashed, "do not constitute rulings by the state courts on his claims"). Therefore, Stephens's futility argument is meritless.

Stephens has also failed to show that his criminal case presents the type of "extraordinary circumstances" necessary to excuse his failure to exhaust. Accordingly, because Stephens has not exhausted his state-court remedies, demonstrated that those state-court remedies are unavailable or ineffective, or shown extraordinary circumstances to excuse his failure to exhaust, the Court will dismiss his Section 2241 petition without prejudice to him refiling it if he fully exhausts his state-court remedies. *See Callwood*, 230 F.3d at 634 (vacating district court's order dismissing Section 2241 habeas petition on the merits and remanding with instructions to the district court to "dismiss for failure to exhaust [state] remedies without prejudice to Callwood's refiling his challenge under §2241 after exhaustion"); *see also Lambert*, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").

Although the Court will dismiss Stephens's amended habeas petition due to his failure to exhaust, the Court also notes that some district courts in the Third Circuit will abstain from considering Section 2241 habeas petitions

- 29 -

filed by petitioners with unresolved state criminal charges pursuant to

*Younger v. Harris*, 401 U.S. 37 (1971):

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447–48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazardis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448[; s]*ee also* Brian R. Means, POSTCONVICTION REMEDIES, §10.3 Westlaw (database updated June 2021).

*Arrington v. Commonwealth*, No. 21-cv-1282, 2022 WL 317147, at *3 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), *report and recommendation adopted*, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

If the Court analyzed whether to abstain from resolving this case under *Younger*, abstaining would be appropriate. Initially, there is an ongoing judicial proceeding insofar as there is a criminal prosecution in the Lycoming County Court of Common Pleas. Granting habeas relief here would interfere

- 30 -

with those criminal proceedings. Additionally, the Commonwealth's criminal case against Stephens implicates important state interests because the Commonwealth has a strong interest in enforcing its criminal laws. Finally, as already explained, there is no indication that Stephens will not have the opportunity to raise claims challenging his arrest, any searches, and any evidence obtained by the Commonwealth in his criminal proceedings. *See, e.g.,* Pa. R. Crim. P. 578 (requiring that all requests for pretrial relief, such as those seeking the "suppression of evidence" or "to quash or dismiss an information," to be "included in one omnibus motion"). Therefore, Stephens's claims relating to his state-court criminal proceedings also meet the requirements for *Younger* abstention, despite his unpersuasive and conclusory arguments that *Younger* is inapplicable in this case.

## I.    Certificate of Appealability

Because Stephens is a state pretrial detainee, the Court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision. *See* 28 U.S.C. §2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); *Reese v. Pennsylvania,* No. 19-cv-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding

that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); *see also Harris v. Pike Cnty. Corr. Facility*, No. 20-cv-962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the ultimate disposition of this case debatable, *i.e.*, that Stephens failed to exhaust his state-court remedies as to any cognizable claims prior to filing his Section 2241 petition here, and that he failed to present extraordinary circumstances to warrant this Court considering the petition. *See, e.g., Burley v. Superintendent Forest*

- 32 -

*SCI*, No. 22-2719, 2023 WL 2560361, at *1 (3d Cir. Feb. 3, 2023) (unpublished) (denying COA because "reasonable jurists would not debate the conclusion that there was no reason for the District Court to exercise jurisdiction over Appellant's current [Section 2241] habeas petition because he failed to establish that (1) he exhausted his state-court remedies or (2) his case presents 'extraordinary circumstances.'" (quoting *Moore*, 515 F.2d at 443)). Accordingly, the Court will not issue a COA in this case.

## IV.    CONCLUSION

For the reasons above, the Court will: (1) grant the IFP Application; (2) deem withdrawn Stephens's motions for a preliminary injunction and mandamus relief; (3) deny his motions to stay, "Motion for Expedited Mediation of Combined (Joined) Cases," and motion for summary judgment; (4) strike his purported notice of removal; (5) dismiss without prejudice his amended Section 2241 petition; (6) decline to issue a certificate of appealability; and (7) direct the Clerk of Court to close this case. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 3/25/26

25-0337-01

- 33 -